W. M. PEERBOOM, Appellee, v. K. LEO MINGES, Appellant.

CONTRACTS: Construction—Contract for Haulage—Unoccupied Time. A contract for hauling material at a stated price *per load*, with right in the hirer to designate the number of hours each day and the number of days each week on which the work should be done, does not embrace a right of recovery for days on which there was no hauling to do. Especially is this true in view of repeated unexplained receipts "in full of account to date."

Headnote 1: 13 C. J. p. 585.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

MARCH 16, 1926.

ACTION to recover for an alleged balance due on contract for hauling. From a judgment in favor of the plaintiff, the defendant appeals.—*Reversed.*

*Parrish, Cohen, Guthrie & Watters,* for appellant.

*John D. Denison,* for appellee.

ALBERT, J.—We are not favored with a brief and argument on the part of appellee herein, and hence are unadvised as to his theory in this case.

The Keokuk Construction Company had a contract with

the state of Illinois for the construction of pavement on a high-
way in a certain part of that state. The appellant, Minges,
was a subcontractor under the Keokuk Construction Company,
apparently agreeing to haul mixture from the mixer to the
place where it was to be used on the highway. On the 5th
of April, 1924, he entered into a written contract with appellee
herein, who was to furnish his truck and driver to appellant
for the purpose of hauling the aforesaid mixture. The details
of the contract, so far as material, will be hereinafter set out.

In pursuance of the said contract, the appellee's truck and
driver reported for work on April 23, 1924, at Eureka, Illinois,
that being the vicinity in which the work was to be performed.
No work was done, however, until May 13th following. The
reason given for this is that the construction company did not
have the mixer on the ground, ready to proceed with the work.
It is further contended that the weather was rainy and the
ground wet during that time, so that nothing could be done.
This last question is in dispute, under the testimony.

The appellee was paid for work done for appellant after
the 13th day of May. This action is to recover for 21 days'
interim after April 23d, during which appellee's truck was
idle. The evidence is in dispute as to whether or not appellant
or his superintendent directed appellee to be at said place ready
for work on the 23d day of April. In the view we take of the
case, this matter is not material. A part of the aforesaid writ-
ten contract is as follows:

"It is further agreed and understood that the said party
of the first part [Minges] shall designate the number of hours
each day and the number of days each week, including Sundays
if necessary, that the aforesaid work shall proceed, and that
the said party of the second part agrees that his truck, driver
and services therefor will be at the service of the said party
of the first part exclusively during the working hours of each
day."

The contract provides for payment as follows:

"The party of the first part agrees to pay to said party of
the second part, as full remuneration for the hauling, deliver-
ing, and all labor and fuel attached thereto, of the above de-
scribed aggregate in batch form from a central proportioning

plant to the mixer as specified on said roadway, the following scale of prices: In Zone No. 1, the total sum of $.30 per batch (thirty cents), and $.13 (thirteen cents) per batch for each additional one-half mile thereafter.''

It is apparent, under this contract, that the employment was not a *per diem* or weekly employment, but would fall within the line of piecework,—that is to say, appellee was to be paid a specified sum for each load of material hauled; but he insisted that he was to be paid for the time he did not work. As we read the written contract, there can be no dispute about this proposition. The contract is drawn for the very purpose of limiting the pay to the actual work done, and the appellant reserved to himself the right to designate the number of hours each day and the number of days each week on which work was to be performed by appellee. This is the contract appellee signed, and we know of no reason why he should not live up to its terms. If he wished to protect himself and require payment for the days he did not work, he should have so provided in the contract; but, since he failed so to do, and since the contract specifically provided otherwise, we are satisfied that he is not entitled to recover therefor. More than this, appellee signed a receipt to appellant each time he received money from him. Each receipt stated that the amount therein specified was received as payment and settlement in full for all claims and amounts due to that date. We are not unmindful of the rule that a receipt is only prima-facie evidence of the statements therein contained, and is subject to explanation; but no explanation has been given herein. We are satisfied that the receipts so signed by appellee conform in every respect with the thought involved in the contract; that the purpose was that appellee was to be paid only for the actual work performed; and that he was not entitled to recover for the time he did not work.

The district court erred in submitting the case to the jury, and the case is, therefore, reversed.—*Reversed.*

De Graff, C. J., and Evans and Morling, JJ., concur.